

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

FORD MOTOR COMPANY,

    Plaintiff,

v.                         Civil Action No. 3:12cv839

NATIONAL INDEMNITY COMPANY,

    Defendant.

### ORDER

Having considered the DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY (Docket No. 11), the response and the reply thereto, all in perspective of the allegations of the Complaint, the Court finds that:

(1)  the Complaint alleges, in Count I, a valid and cognizable claim for tortious interference with existing contract in full accord of the requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ("Twombly") and Ashcroft v. Iqbal, 550 U.S. 662 (2009) ("Iqbal") and, in that regard, the Court finds that: (a) the claim for tortious interference with a contract, as articulated by the Supreme Court of Virginia, does not require an allegation of a competitive relationship as an element of the claim, notwithstanding that:  (i) in many instances, such claims are presented by competitors; and (ii) the presence of competition is a matter of

probative evidence respecting the elements of a claim for interference with a business expectancy, rather than interference with an extant contract; (b) the memorandum in support of the motion to dismiss mischaracterizes completely the allegations in the Complaint respecting the assertion of agency on which the defendant premises one aspect of its motion to dismiss; (c) the matter of agency is a factual matter which cannot be resolved at this stage of the case; and (d) the plaintiff adequately has alleged the existence of compensatory damages arising from the alleged interference by the defendant; and

(2) the Complaint, in Count II, adequately alleges a claim under the Virginia Business Conspiracy Statute, Va. Code §§ 18.2-499 and -500 in full accord with the requirements of Twombly and Iqbal; and,

For the foregoing reasons, DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY (Docket No. 11), to the extent that it seeks dismissal of Counts I and II of the Complaint, is denied.

Having considered the alternate prayer for a stay of this action, the Court concludes that a stay is not warranted because the parties to the arbitration are not the same parties to this action, because the claims and issues in this action differ from those in the arbitration and because there is no impediment to judicial efficiency or the interest of justice by allowing this action to

2

proceed, whatever may be the progress of the arbitration, and for the additional reason that the exercise of the equitable power to enter a stay in this instance would be improper in any event because the defendant is taking inconsistent positions respecting arbitration, seeking, in this action, the benefit of an arbitration clause in the plaintiff's insurance contracts with its insurer and, at the same time, refusing to submit itself to arbitration, thereby proving the absence of mutuality of obligation respecting arbitration.

For the foregoing reasons, DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY (Docket No. 11), to the extent that it seeks a stay of this action, is also denied.

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

It is so ORDERED.

_____/s/_____ _REP_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 30, 2013