IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FORD MOTOR COMPANY,

    Plaintiff,

v.                                                    Civil Action No. 3:12cv839

NATIONAL INDEMNITY COMPANY,

    Defendant.

**ORDER**

Having reviewed PLAINTIFF FORD MOTOR COMPANY'S MOTION TO COMPEL (Docket No. 20), the supporting memorandum and exhibits, and the opposition thereto and exhibits, and the reply memorandum and exhibits, and having heard the argument of counsel, it is hereby ORDERED that the objection of the defendant, National Indemnity Company ("NICO") to Ford Motor Company's ("Ford") discovery requests on the ground that the information sought was in the actual possession of others, namely HDI-Gerling Industrie Versicherung AG ("HDI-Gerling"), Resolute Management, Ltd. ("Resolute"), and Mitigate, Inc. ("Mitigate") is overruled because Ford has established that NICO has the right to control, and the practical ability to obtain, all of the requested documents in the possession of HDI-Gerling, Resolute and Mitigate relating to the handling of Ford's insurance claims at issue in this action that are processed and evaluated for NICO, or for NICO's benefit, by those entities.

In that regard, the Court finds that, insofar as is necessary to permit the discovery at issue: (a) Ford has sufficiently established that NICO has access to Ford claim-related documents in the possession of HDI-Gerling pursuant to the reinsurance agreement and otherwise; (b) Ford has sufficiently established that NICO, in effect, has been directing an arbitration proceeding in the name of HDI-Gerling through an officer of NICO and Resolute who has directed the lawyers in that arbitration and that, in that proceeding, NICO has evinced the ability to control access to Ford claim-related documents in the hands of HDI-Gerling, Resolute and Mitigate; (c) Ford has sufficiently established that the Ford claim-related documents in the possession of HDI-Gerling are owned by NICO; (d) Ford has sufficiently established that Resolute is a sister subsidiary of NICO and that NICO has exercised control over some of the Resolute employees who were involved in the so-called "runoff" of Ford claims that were being administered by Resolute for NICO and that, as respects Ford's insurance claims, NICO has the right to control Resolute's actions; and (e) Ford has sufficiently established that Mitigate is a claims auditing representative for NICO and that NICO has used reports prepared by Mitigate in connection with NICO's evaluation and payment of Ford's claims at issue here and that NICO is in control of Mitigate's information about Ford's insurance claims at issue here and may readily and practically have

access to it simply upon request, given the relationship between the companies; and accordingly,

It is hereby further ORDERED that NICO shall produce the documents sought in Ford's Request for Production No. 1, Ford's Request for Production No. 5; Ford's Request for Production No. 13; Ford's Request for Production No. 15; and shall answer Ford's Interrogatory No. 5; Ford's Interrogatory No. 6; and any other discovery request to which NICO has objected on the ground that the requested information was in the possession of HDI-Gerling, Resolute or Mitigate.

Further, having reviewed the response of NICO to Ford's Request for Admission No. 23, and the objection thereto, it is hereby ORDERED that the objection to answering Request for Admission No. 23 (which is predicated upon an objection to Interrogatory No. 6 on the ground that the request improperly seeks information from NICO that concerns Resolute, a non-party to this litigation and a separate entity), is overruled.

It is ORDERED that, by February 8, 2013, NICO shall file full and complete responses to the above-described discovery requests, whether interrogatories, requests for the production of documents or requests for admission, and that, by February 13, 2013, all documents requested for production in the above-described Requests for Production shall be provided to Ford.

3

It is further ORDERED that, to ensure the integrity of the discovery process in this case is maintained, such documents shall be produced to Ford without regard to whether the documents have been provided to Ford in any other litigation or arbitrations.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 30, 2013