



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FORD MOTOR COMPANY, )
)
Plaintiff, )
)
) Civil Action No. 3:12-cv-839
)
v. )
)
)
NATIONAL INDEMNITY COMPANY, )
)
Defendant. )
)
)

## AGREED PROTECTIVE ORDER

For good cause shown, and pursuant to Fed. R. Civ. P. 26(c)(1)(G), it is hereby ORDERED by the Court, that, absent a Court Order to the contrary or written stipulation by the parties, this Order shall govern all discovery produced in the above-captioned case:

1. The parties possess valuable confidential business information and trade secrets, the disclosure of which would be extremely harmful to their respective businesses. There is thus good cause for the entry of a protective order in this case.

2. "CONFIDENTIAL" information means information, documents, or things (including transcripts) that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information or (c) information invasive of an individual's legitimate privacy interests.

3. Any information or material produced in response to a discovery request or otherwise, in this action, may be designated in a manner permitted under the terms of this Order by the person or entity (whether or not a party to this action) producing, providing, or filing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of other parties to this action, constitutes "Designated Material" under this Order. This Order shall apply to Designated Material produced by any party or third-party during the proceedings in this action.

4. Designated Material, including the content and substance thereof, may be disclosed only as follows. Designated Material, including the content or substance thereof, may be disclosed to:

(a) those parties to this action or officers, directors, members and/or employees of parties to this action who have a legitimate need, in conjunction with the litigation of this action, to see such information;

(b) outside counsel of record representing the parties (including their legal associates, paralegals and regularly employed office staffs) for the purpose of this action;

(c) consultants and testifying experts who are not parties or officers, directors, members, employees or independent contractors of the parties, and only for purposes of consulting, forming an opinion and testifying with respect to this action;

(d) Court personnel, including stenographers or shorthand reporters, as necessary and appropriate;

(e) a witness, prospective witness, or deponent, examined for the purpose of this action, provided, however, that no such witness shall be allowed to retain

possession of Designated Material he is not otherwise entitled to possess under this Order after the completion of his testimony; and

    (f)  copying services, translators, and litigation support firms providing consultation, graphics and jury research (including focus group participants) engaged for the purposes of this action;

  5.  Documents shall be designated by placing, stamping or marking the legend "CONFIDENTIAL" or similar words clearly indicating that the material is Designated Material for which protection is sought under the terms of this Order. The legend should be placed on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing.

  6.  The parties will use reasonable care to avoid designating any documents or information which are generally available to the public.

  7.  A party shall not be obligated to challenge the propriety of a designation at the time made and the failure to do so shall not preclude a subsequent challenge thereto or constitute agreement or be argued to be an admission that the designation is in fact appropriate. A party wishing to challenge the designation of certain Designated Material must first meet and confer with the Designating Person in an attempt to resolve the dispute. If agreement cannot be reached after a good faith effort, the party wishing to contest the designation may seek relief from the Court. During the pendency of any such dispute, all parties shall treat the challenged material as Confidential.

8. Deposition transcripts or portions thereof may be designated either: (a) by captioned, written notice to the reporter and all counsel of record, when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (b) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designated Person. Pending expiration of the ten (10) business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL." Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material, including the content and substance thereof, may be disclosed under paragraph 4 of this Order. Counsel for any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages are designated as "CONFIDENTIAL".

9. If it becomes necessary to file Designated Material, or the content and substance thereof, with the Court, a party must comply with Local Civil Rule 5 by moving the Court to file such Designated Material under seal. The party making such filing must simultaneously submit a Motion and Proposed Order requesting that the Court treat the material as confidential. Such Motion will state sufficient facts to support confidential treatment by the Court. Any documents filed under seal must comply with the notice requirements of *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

4

10. Offering or submitting any pleading or other papers disclosing or containing Designated Material, or the content and substance thereof, to the Court shall not waive the designated status of any such information (or, if the receiving party submits pleadings or paper disclosing or containing Designated Material, or the content and substance thereof, to constitute an admission that such Material is in fact confidential). Such Designated Material shall not be disclosed by the Court except to persons identified in paragraph 4 above. The Court shall determine how Designated Material shall be treated during trial and other hearings as it deems appropriate. *(excepting exhibits filed with the Court) /REP 3/26/13*

11. Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the party that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

12. The inadvertent or unintentional production of documents containing, or otherwise disclosing, information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality, or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error. The receiving party shall not be liable for any use or disclosure of such inadvertently non-designated information that occurs before the receiving party receives written notice of the inadvertent non-designation.

13. Should a party receive a request from any government authority or other third party for compulsory or voluntary production of information that the receiving party contends applies to any Designated Material, including the content and substance thereof, the other party has produced in discovery regarding this action, the receiving party shall (i) first respond by setting forward the existence of this Order; (ii) notify the producing party in writing of the request within two days of receipt of the request, and (iii) absent consent of the producing party disclose the Designated Material only to the extent it is compelled to do so by a court, arbitration tribunal or regulatory authority, and any such disclosure shall be subject to the terms of paragraph 14.

14. Should a court or other authority, with the requisite jurisdiction and power to do so, order or otherwise seek to compel a party to produce information that arises from or relates to in any way Designated Materials the other party has produced in discovery regarding this action, the receiving party (i) will notify the producing party in writing within two days of receipt of the order, and (ii) will not comply with any such order before the close of business on the last day for compliance with the order, so as to allow the producing party a reasonable amount of time to object to and/or challenge the production, before this Court, the court issuing the order, or other authority;

15. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by the order of this Court. This Order shall survive termination of this action.

16. This Protective Order does not abridge and is without prejudice to the rights of a party to oppose or object to the disclosure, production, use or admissibility of any evidence or to refuse to disclose or produce anything based on any available legal grounds or objections.

17. Any documents designated under this Order may be used in the pending arbitration between Ford and HDI-Gerling in a manner consistent with the terms of the confidentiality agreement applicable to that proceeding.

We ask for this,

_____
Scott C. Oostdyk (VSB#28512)
soostdyk@mcguirewoods.com
J. Tracy Walker (VSB#31355)
twalker@mcguirewoods.com
H. Carter Redd (VSB#34392)
hredd@mcguirewoods.com
Matthew D. Fender (VSB# 76717)
mfender@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary St.
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

Counsel for Plaintiff Ford Motor Company

_____
Walter J. Andrews (VSB# 46031)
wandrews@hunton.com
Michael S. Levine (VSB# 48013)
mlevine@hunton.com
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Tel: (703) 714-7400
Fax: (703) 918-4050

George P. Sibley, III (VSB# 48773)
gsibley@hunton.com
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8200
Fax: (804) 788-8218

Counsel for Defendant National Indemnity Company

It is so ORDERED.

/s/ REP
_____
Senior United States District Judge

Richmond, Virginia
Date: March 26, 2013