IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FORD MOTOR COMPANY,

    Plaintiff,

v.                                       Civil Action No. 3:12cv839

NATIONAL INDEMNITY COMPANY,

    Defendant.

**ORDER**

Having conferred with counsel respecting various discovery disputes on March 25, 2013, and having considered the provisions of the ORDER entered herein on January 30, 2013 (Docket No. 27), counsel, with suggestions from the Court, resolved most of the disputes.

First, National Indemnity Company ("NICO") advises that it has received documentation from Ford Motor Company ("Ford") responsive to contention interrogatories identifying specific claims that are said by Ford to be the subject of Ford's claims for tortious interference with contract and for violation of the Virginia business conspiracy statute, Va. Code § 18.2-499, provided that NICO reserved the right, after having reviewed the recently produced documents, to raise the matter further if necessary.

Second, Ford recited difficulty obtaining from NICO whether NICO had produced documents that are reflected in the so-called "FWK Data Base" to which counsel for NICO responded that the documents

therein reflected had been produced and could be found in the Bates Number range NICO 2287-173273, and counsel for Ford agreed to review those documents to ascertain whether the requested documents appeared therein, retaining the right to raise the matter further if the requested documents have not been produced.

Third, Ford expressed concern that NICO had claimed a work-product privilege for certain audit documents maintained in the files of Mitigate, Inc. ("Mitigate"), questioning the validity of a work-product privilege because the privilege was claimed at the outset of the outset of the NICO-Mitigate relationship, a time when there appeared to be no reason to believe there might be litigation with Ford. Because the validity of such a claim of privilege has been called into question, it is ORDERED that NICO review all claims of privilege respecting the audit documents as to the objection raised by Ford and that the parties further confer with the view to resolving any claims of privilege. It is further ORDERED that, if such discussions fail, Ford may file an appropriate Motion to Compel respecting the production of the documents at issue.

Fourth, the parties discussed at length the production of documents relating to negotiations between HDI-Gerling Industrie Versicherung AG ("HDI-Gerling") and NICO by which NICO was enabled to handle Ford claims. It is ORDERED that NICO shall review the claim of privilege of work product respecting a document dated November 2, 2007 authored by C. Raiguel, it appearing doubtful that a claim

of privilege of this sort could be legitimately presented; and the parties are ORDERED to further confer respecting this matter; and, if consultation does not resolve the discovery dispute, Ford may file a Motion to Compel respecting the production of that document.

Fifth, Ford demonstrated that NICO had not produced certain documents from AON Ltd. ("AON"), a company which served as the agent of HDI-Gerling in the negotiation of the arrangement by which NICO became enabled to handle Ford claims and, in particular, Ford asserted that NICO had not searched the AON database which it had identified as in its possession but NICO agreed to search that database and to produce responsive documents. It is hereby ORDERED that such documents be produced by April 15, 2013 to the extent there is no objection to the production thereof and that objections, if any, be served by April 8, 2013, together with a supporting memorandum justifying each claim of privilege sufficient to allow Ford to file a Motion to Compel if it be so advised. If Ford considers any objections not to be well-taken, it may file an appropriate motion.

Sixth, Ford advised that NICO had not complied with the requirements of the ORDER entered herein on January 30, 2013 (Docket No. 27) requiring a full answer to Ford's Interrogatory No. 5 by February 8, 2013 and, after hearing argument, the Court concluded that NICO was in violation of that ORDER (Docket No. 27) by not providing an answer to the interrogatory outlining the reasons why it had rejected the 329 claims then identified by Ford as having been

rejected. It is further ORDERED that, by April 8, 2013, NICO shall produce all documents reflecting the reasons why those claims were denied and it is further ORDERED that, as to the five additional claims that Ford subsequently has identified as falling in that category, the documents explaining the denial thereof be produced by April 15, 2013.

Seventh, Ford advised that it had received a number of documents that were heavily redacted to delete the HDI-Gerling estimate of reserves against particular claims, and it was determined that the redactions had been made on the basis of an alleged work-product privilege, an alleged confidential/proprietary privilege, and on a relevance basis. The Court is satisfied that there is a plausible reason for requesting discovery of these documents, and it is hereby ORDERED that Ford shall, by March 28, 2013, provide to counsel for NICO a list of the documents, the redaction of which is the subject of its complaint, and that thereafter NICO shall file a Motion for Protective Order with supporting brief by April 4, 2013; that Ford shall file its response by April 11, 2013; and that NICO shall file its reply by April 15, 2013.

Finally, NICO raised concerns respecting whether Ford had complied fully with its request for production of certain documents in the possession of the law firm McGuireWoods which NICO contends represent documents prepared by the law firm while serving in a claims handling capacity on behalf of Ford. It is hereby ORDERED that the

4

dispute, for the reasons set forth on the record on March 25, 2013, is premature and the parties shall further confer and discuss this matter.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 27, 2013

5